UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
EMPRESS HADIYA A. JONES-BEY, *and*
EMPRESS HADIYA A. JONES-BEY *on behalf
of* Z.J.-B; T.K.-B,

              Plaintiffs,           **MEMORANDUM AND ORDER**
                                                    20-CV-3865 (PKC) (RER)
    -against-

WILLIAM PIERCE and SHANTAE PIERCE,

             Defendants.
----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Empress Hadiya A. Jones-Bey brings this *pro se* action invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff's[1] application to proceed *in forma pauperis* (Dkt. 2) is granted. For the reasons stated below, the complaint is dismissed.

## BACKGROUND

      Plaintiff filed suit on August 18, 2020. In her Complaint, she alleges that Defendants William Pierce and Shantae Pierce have "wrongfully and unlawfully removed Z.J.-B from her custody and have been keeping him since March 9, 2020."[2] (Complaint ("Compl."), Dkt. 1, at 5.) On various occasions, Defendant William Pierce, who "has not established himself as [Z.J.-B's] father legally," took Z.J.-B from Plaintiff's home or did not permit Z.J.-B to see Plaintiff, and sent Plaintiff an angry text message. (*Id.*) Plaintiff alleges that "[b]y not allowing [her] to educate

---

[1] The caption of the complaint also lists as Plaintiffs Z.J.-B and T.K.-B, both of whom appear to be minor children. It is well-settled in this Circuit that a non-attorney parent cannot appear on behalf of their child. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). Therefore, the Court will only consider claims brought by Ms. Jones-Bey on her own behalf.

[2] The Court assumes the truth of the Complaint's non-conclusory factual allegations. *See Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009) (*en banc*).

1

[their] child in the Moorish-American principles of Love, Truth, Peace, Freedom, and Justice and our Culture Customs and traditions [Defendant] is setting [their] child up to face oppression, discrimination and other abuses from improper training in the importance of Nationality." (*Id.*)

For relief, Plaintiff seeks an order returning her child to her, as well as "an order of protection against both William Pierce and Shantae Pierce," and pursuit of criminal charges against both. (*Id.*) She also seeks restitution for her emotional and mental trauma resulting from the facts alleged. (*Id.*) Plaintiff alleges that the Court has jurisdiction over her claims on the basis of the Free Exercise Clause of the First Amendment. (*Id.* at 3.)

## STANDARD OF REVIEW

Plaintiff's complaint is subject to review under 28 U.S.C. § 1915(e)(2)(B). Pursuant to the *in forma pauperis* statute, a district court shall dismiss a case if it determines that the action, *inter alia*, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Federal question jurisdiction may be properly

2

invoked only if the plaintiff's complaint "plead[s] a cause of action created by federal law" or "turn[s] on substantial questions of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).

## DISCUSSION

"A plaintiff properly invokes [federal question] jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Ynoa v. Google, Inc.*, No. 14-CV-0015 (PKC) (JO), 2014 WL 1237304, at *2 (E.D.N.Y. Mar. 24, 2014). Here, Plaintiff claims federal question jurisdiction by citing to the Free Exercise Clause of the First Amendment, which is applied against the States by incorporation into the Fourteenth Amendment, *see Walz v. Tax Comm'n of City of N.Y.*, 397 U.S. 664, 702 (1970), and which provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof," U.S. Const. amend. I. Though not entirely clear from the face of her Complaint, Plaintiff appears to invoke the Free Exercise Clause because Defendants are allegedly limiting her ability to raise her son in the religious tradition she chooses by removing him from her custody.[3] But "the Free Exercise Clause . . . appl[ies] only to *state* action." *Lown v. Salvation Army, Inc.*, 393 F. Supp. 2d 223, 241 (S.D.N.Y. 2005) (emphasis added) (citing *United States v. Morrison,* 529 U.S. 598, 621

---

[3] To the extent Plaintiff seeks alteration of any state court custody orders, the domestic relations exception to federal court jurisdiction precludes the Court from wading into a custody battle. "[S]ubject to [constitutional] guarantees, regulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the States." *United States v. Windsor*, 570 U.S. 744, 745 (2013) (citations and internal quotation marks omitted); *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) ("So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations exception' that divests the federal courts of power to issue divorce, alimony, and child custody decrees." (internal quotation marks and citations omitted)); *Khalid v. Sessions*, 904 F.3d 129, 133 (2d Cir. 2018) ("Family law . . . is an area of law that federal courts and Congress leave almost exclusively to state law and state courts.").

(2000)); *see also Genas v. State of N.Y. Dep't of Corr. Servs.,* 75 F.3d 825, 831 (2d Cir. 1996) ("To prevail on h[er] Free Exercise claim, [plaintiff] must first show that a state action sufficiently burdened h[er] exercise of religion"). "[T]o hold [a] private entity [] liable pursuant to th[is] constitutional provision[], plaintiffs must allege facts suggesting that the [defendant] was engaged in state action." *Lown*, 393 F. Supp. 2d at 241. Plaintiff has not alleged any facts to suggest that Defendants in this case were acting on behalf of the state or in any capacity other than as private citizens, and thus has not shown a constitutional violation. As such, her complaint must be dismissed for lack of subject matter jurisdiction.[4]

Moreover, even if the Court were to find that subject matter jurisdiction existed in this case based on Plaintiff's facial invocation of the Establishment Clause, Plaintiff's Complaint would nonetheless be subject to dismissal for failure to state a claim. As discussed above, by failing to allege state action, Plaintiff has failed to state a claim for a violation of the First Amendment. To the extent that Plaintiff seeks criminal prosecution of Defendants, that claim must also fail, as that is not relief that this Court can provide. *Cf. Wayte v. United States*, 470 U.S. 598, 607 (1985) ("In our criminal justice system, the Government retains broad discretion as to whom to prosecute. . . . This broad discretion rests largely on the recognition that the decision to prosecute is particularly

---

[4]"Because of the more-than-occasional difficulties involved in parsing a claim alleging federal question jurisdiction to determine whether it fails to state a claim or fails to meet jurisdictional requirements, the federal courts . . . dismiss[] for lack of subject matter jurisdiction only under narrow circumstances." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996). "While there is a presumption that a complaint raising a federal question on its face should be dismissed for failure to state a claim, pursuant to Rule 12(b)(6), rather than for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) or 12(h)(3)," a court in the Second Circuit may nonetheless dismiss a complaint for lack of subject matter jurisdiction "where the federal question is so plainly insubstantial as to be devoid of any merits and thus does not present any issue worthy of adjudication." *Mendlow v. To be Names After Discovery Unknown Gov't Agencies*, 152 F.3d 919, at *1 (2d Cir. 1998) (quoting *Nowak*, 81 F.3d at 1188). Because Plaintiff does not allege anything akin to government action in her complaint, the federal question in her case does not present any issue worthy of adjudication, and the Court therefore lacks subject matter jurisdiction over her Complaint.

ill-suited to judicial review." (internal quotation marks and citations omitted)). Plaintiff's complaint does not appear to allege any other claims.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Clerk of Court is respectfully requested to enter judgment and close this case.

The Court would ordinarily allow Plaintiff an opportunity to amend her complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), but it need not do so here, where it is clear from Plaintiff's submission that any attempt to amend the complaint would be futile. *See Ashmore v. Prus*, 510 Fed. App'x 47, 49 (2d Cir. 2013) (summary order) (noting that leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 4, 2020
      Brooklyn, New York